The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID ANGEL SIFUENTES, III,

                      Plaintiff,

    v.

AMAZON.COM, INC.,

                      Defendant.

No. 2:25-cv-01158-RSL

**DEFENDANT AMAZON.COM, INC.'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

(NOTING DATE MARCH 3, 2026)

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

## <u>TABLE OF CONTENTS</u>

2
Page

3   I.    INTRODUCTION ........................................................................................................ 1

4   II.   BACKGROUND ......................................................................................................... 2

5   III.  STANDARD OF REVIEW .......................................................................................... 3

6   IV.   ARGUMENT ............................................................................................................. 3

7         A.  Plaintiff's Cross-Motion for Summary Judgment is Premature as Amazon's
8             Motion to Dismiss Remains Pending and Discovery Has Not Begun. ........................ 3

9         B.  Plaintiff Fails to Present Any Facts or Evidence to Support Summary Judgment
              on his Negligence and Breach of Express Contract Claims. ....................................... 5

10        C.  Plaintiff's Resort to the Liberal *Pro Se* Pleading Standard Does Not Support his
11            Present Cross-Motion for Summary Judgment ............................................................ 8

12  V.    CONCLUSION ......................................................................................................... 9

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................. 3

*Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation*,
  323 F.3d 767 (9th Cir. 2003) .............................................................................. 5

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ......................................................................................... 3, 4

*D'allo v. Modrijan*,
  No. 3:24-cv-05325-TMC, 2026 WL 369937 (W.D. Wash. Feb. 10, 2026) ............ 3

*In re Facebook, Inc. Internet Tracking Litigation*,
  956 F.3d 589 (9th Cir. 2020) .............................................................................. 8

*Glenn v. Americo*,
  No. 2:24-cv-00184-TL, 2024 WL 4212870 (W.D. Wash. Sept. 17, 2024) ... 4, 5, 6, 7

*Hawthorne v. Mid-Continent Casualty Company*,
  No. C16-1948RSL, 2017 WL 11897779 (W.D. Wash. Apr. 4, 2017) (Lasnik, J.) ............................................................................................................... 4, 5

*Hebbe v. Pliler*,
  627 F.3d 338 (9th Cir. 2010) .............................................................................. 9

*Howard v. Kijakazi*,
  No. 2:22-cv-00022-RAJ, 2023 WL 2138346 (W.D. Wash. Feb. 21, 2023) ..... 3, 4, 5

*Justice v. Rockwell Collins, Inc.*,
  117 F. Supp. 3d 1119 (D. Or. 2015), *aff'd*, 720 F. App'x 365 (9th Cir. 2017) ........ 9

*Mayanja v. City of Shoreline*,
  No. C25-0429JLR, 2025 WL 3073070 (W.D. Wash. Nov. 4, 2025) ..................... 8

*Sam v. City of Tacoma*,
  No. C17-5024JLR, 2018 WL 2269251 (W.D. Wash. May 17, 2018) ..................... 9

*Thomas v. Ponder*,
  611 F.3d 1144 (9th Cir. 2010) ............................................................................. 8

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*United States v. Kitsap Physicians Serv.*,
    314 F.3d 995 (9th Cir. 2002) ..................................................................................5

**Other Authorities**

Fed. R. Civ. P. 8(a) ......................................................................................................7

Fed. R. Civ. P. 12(b)(6)...........................................................................................2, 5, 7

Fed. R. Civ. P. 56(a) ....................................................................................................3

Fed. R. Civ. P. 56(c) ..........................................................................................1, 3, 5, 6

Fed. R. Civ. P. 56(d) .................................................................................................4, 5

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT
CASE NUMBER 2:25-CV-01158-RSL - iv

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1

## I.    INTRODUCTION

2      Plaintiff David Angel Sifuentes, III ("Plaintiff") is a serial litigant with a history of

3    vexatious litigation tactics.  (*See* ECF No. 29 at 1–3 (citing cases)).  Plaintiff's activity in this case

4    follows the same well-worn path, which is strewn with unsupported motions, premature requests,

5    and other unnecessary (and resource consuming) filings.  Plaintiff's Cross-Motion for Summary

6    Judgment (the "Cross-Motion") falls neatly into this category—it is procedurally improper and

7    substantively baseless, and the Court should reject it out of hand.

8      First, Plaintiff's Cross-Motion is premature.  Plaintiff seeks judgment as a matter of law

9    on his negligence and breach of contract claims because, he argues, the so-called "undisputed

10   record" proves those claims.  (ECF No. 37 at 1–3).  But there is no factual "record" in this case.

11   The case sits firmly in the pleading stage, Amazon has filed a Motion to Dismiss, and the parties

12   have not engaged in discovery.  And, as Amazon's pending Motion to Dismiss demonstrates, the

13   allegations in the First Amended Complaint ("FAC") fall short of the plausibility needed to

14   progress to the discovery phase.  (ECF Nos. 29, 41).  Plaintiff's Cross-Motion thus asks the Court

15   to short-circuit the motion-to-dismiss stage, ignore Amazon's pending Motion to Dismiss, skip

16   discovery altogether, and find for Plaintiff on the merits.  Neither the Federal Rules of Civil

17   Procedure nor any other authority support Plaintiff's request.

18      Second, Plaintiff's Cross-Motion fails to present any evidence to support his claims for

19   negligence and breach of contract.  Plaintiff does not point to any "materials in the record," as

20   required by Fed. R. Civ. P. 56(c)(1), but instead rests entirely on the flawed allegations in the FAC

21   and conclusory assertions in a self-serving declaration.  Plaintiff has thus failed to satisfy his

22   burden to demonstrate, through admissible record evidence, that there are no genuine issues of

23   material fact and that he is entitled to summary judgment as a matter of law.

24      For these reasons, as further detailed below, the Court should deny Plaintiff's Cross-

25   Motion for Summary Judgment.

26

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT
CASE NUMBER 2:25-CV-01158-RSL - 1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## II.    BACKGROUND

Plaintiff's claims turn on allegations that his Amazon.com account was compromised as a result of a data breach at Amazon, that Amazon failed to adequately safeguard his personal information, and that Amazon concealed the data breach from him.  (ECF No. 17, FAC ¶¶ 1, 12–16).  Plaintiff's FAC, however, lacks fact-based allegations and does not support a plausible claim for relief against Amazon.  For that reason, Amazon has moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).  Amazon's Motion to Dismiss is fully briefed and before the Court.  (ECF Nos. 29, 41).

Relatedly, Plaintiff has filed a Motion for Limited Discovery Pending Resolution of Motion to Dismiss.  (ECF No. 21).  In that motion, Plaintiff argues that "discovery is necessary to ensure a fair adjudication of the Motion to Dismiss" because the facts needed to prove his claims are "uniquely within Amazon possession and control."  (*Id.* at 1).  Plaintiff, in other words, concedes that he cannot establish his claims without discovery.  (*Id.*).  Plaintiff repeats this concession in his Reply (ECF No. 39 at 1–2), and in his Opposition to Amazon's Motion to Dismiss (ECF No. 36 at 3 (arguing that he is "entitled to discovery to test Amazon's internal security practices—facts uniquely within Amazon's control")).  Amazon has opposed Plaintiff's Motion for Limited Discovery (ECF No. 30), which is fully briefed and before the Court.  (ECF No. 21, 30, 39).

Despite the pending Motion to Dismiss and Motion for Limited Discovery, Plaintiff has also filed a Cross-Motion for Summary Judgment.  (ECF No. 37).  In the Cross-Motion, Plaintiff seeks summary judgment—as to his negligence and breach of express contract claims only—based on purported "Undisputed Material Facts," contends that he has proven his claims, and argues that there are no genuine issues of material fact.  (*Id.* at 1–2).  But he does not point to any evidence or factual material.  Instead, Plaintiff asserts that the "facts" are "supported by the First Amended Complaint and exhibits already before the Court" (*id.* at 2), and by an accompanying declaration, which offers generalized assertions about "security alerts," "misuse attempts," and mitigation efforts, without any factual detail or evidentiary support (ECF No. 38 at 1–2).

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

### III.    STANDARD OF REVIEW

2    Summary judgment is appropriate only where the movant shows that there is no genuine

3    dispute as to any material fact and that he is entitled to judgment as a matter of law.  *See* Fed. R.

4    Civ. P. 56(a).  Plaintiff, as the moving party, bears the burden to demonstrate the absence of any

5    material factual issues.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v.*

6    *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "A party asserting that a fact cannot be or is

7    genuinely disputed must support the assertion by … citing to particular parts of materials in the

8    record, including depositions, documents, electronically stored information, affidavits or

9    declarations," and other admissible materials.  Fed. R. Civ. P. 56(c)(1); *see also D'allo v.*

10   *Modrijan*, No. 3:24-cv-05325-TMC, 2026 WL 369937, at *1 (W.D. Wash. Feb. 10, 2026)

11   (denying motion for summary judgment where moving party failed to "support[] his factual

12   arguments with the type of evidence required by Rule 56(c)(1)").

13

### IV.    ARGUMENT

14   **A.**    **Plaintiff's Cross-Motion for Summary Judgment is Premature as Amazon's**
         **Motion to Dismiss Remains Pending and Discovery Has Not Begun.**

15

16   Plaintiff's Cross-Motion is plainly premature and procedurally improper at this early stage

17   of the case.  As the U.S. Supreme Court has explained, summary judgment is generally appropriate

18   only "after adequate time for discovery."  *Celotex Corp.*, 477 U.S. at 322; *see also Howard v.*

19   *Kijakazi*, No. 2:22-cv-00022-RAJ, 2023 WL 2138346, at *2 (W.D. Wash. Feb. 21, 2023)

20   ("[S]ummary judgment is appropriate when, after adequate time for discovery, a party fails to

21   establish an essential element of their case.").  This action is far from ripe for summary judgment:

22   Amazon has filed a Motion to Dismiss, which remains pending; the parties have not conducted

23   any discovery; and Plaintiff admits in other filings that he needs discovery to prove his claims.

24   Under these circumstances, the Court should deny Plaintiff's Cross-Motion on procedural grounds.

25   First, Amazon's Motion to Dismiss, if granted, will dispose of all claims asserted by

26   Plaintiff.  (*See* ECF Nos. 29, 41).  And, given the many flaws in Plaintiff's FAC, dismissal of the

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT
CASE NUMBER 2:25-CV-01158-RSL - 3

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

entire case is warranted.  (*Id.*).  It serves little purpose to decide a motion for summary judgment when a motion to dismiss may eliminate all of Plaintiff's claims for relief.  *See Hawthorne v. Mid-Continent Casualty Company*, No. C16-1948RSL, 2017 WL 11897779, at *1 (W.D. Wash. Apr. 4, 2017) (Lasnik, J.) (denying motion for summary judgment because "consideration of plaintiff's motion for summary judgment before resolution of defendant's motion to dismiss for lack of personal jurisdiction would be premature"); *see also Glenn v. Americo*, No. 2:24-cv-00184-TL, 2024 WL 4212870, at *2 (W.D. Wash. Sept. 17, 2024) (denying motion for summary judgment as "premature" where "Defendant's motion to dismiss is still pending, and no discovery has occurred").

Second, the parties have not conducted any discovery in this case.  This alone makes Plaintiff's Cross-Motion procedurally improper.  *See Celotex Corp.*, 477 U.S. at 322 (explaining that Rule 56 mandates summary judgment only "after adequate time for discovery"); *Howard*, 2023 WL 2138346, at *2 (same).  Further, Plaintiff admits in multiple filings that he actually ***needs*** discovery to prove his claims.  He expressly argues that he should be permitted to conduct discovery because the necessary facts are "uniquely within Amazon's control." (ECF No. 36 at 3; *see also* ECF No. 21 at 1–2 (same); ECF No. 39 at 1–2 (same)).  In other words, Plaintiff has repeatedly taken the position that material facts remain in dispute and cannot be resolved without discovery.  That position is fundamentally incompatible with his current request for summary judgment and defeats any suggestion that the current "record" supports his negligence and breach of express contract claims as a matter of law.

Finally, to the extent that Plaintiff argues that Amazon has failed to rebut his purportedly "undisputed facts" with "competent evidence," the Court should deny Plaintiff's Cross-Motion under Fed. R. Civ. P. 56(d).[1]  "Rule 56(d) 'provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'"  *Hawthorne*,

---

[1] By invoking Rule 56(d), Amazon does not admit or accept that Plaintiff has presented "undisputed" or any facts to support his claims or his Cross-Motion for Summary Judgment.

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

2017 WL 11897779, at *1 (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)).  Specifically, the Court may deny a motion for summary judgment where the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  The Ninth Circuit has instructed that courts should grant Rule 56(d) requests "almost as a matter of course unless the non-moving party has not diligently pursued discovery of evidence."  *Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003).

Here, the procedural status of the case warrants relief under Rule 56(d).  Amazon has filed a Rule 12(b)(6) motion to dismiss and has not answered the FAC.  (Declaration of Abraham Weill in Support of Amazon's Opposition to Plaintiff's Cross-Motion for Summary Judgment, ¶ 3).  The Court has not yet decided Amazon's Motion to Dismiss, which, if granted, will dispose of Plaintiff's entire FAC.  (*Id.*).  The parties have also not begun discovery.  (*Id.* ¶ 4).  If, however, Plaintiff's claims survive Amazon's Motion to Dismiss, Amazon will be entitled to take discovery to investigate and test the veracity of Plaintiff's allegations and claims.  (*Id.* ¶ 5).  Plaintiff cannot simply skip discovery because he prefers a favorable judgment now.  Rather, the Court should deny Plaintiff's Cross-Motion as premature under Rule 56(d).  *See Howard*, 2023 WL 2138346, at *2 (denying motion for summary judgment under Fed. R. Civ. P. 56(d)); *Hawthorne*, 2017 WL 11897779, at *1 (same).

### B.    Plaintiff Fails to Present Any Facts or Evidence to Support Summary Judgment on his Negligence and Breach of Express Contract Claims.

Plaintiff, as the party moving for summary judgment, bears the initial burden of "either producing evidence negating an essential element of the nonmoving party's claim or defense or showing that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Glenn*, 2024 WL 4212870, at *1 (cleaned up; internal quotations omitted).  To satisfy this burden, Plaintiff must present "evidence in the record."  *Id.* at *2 (citing Fed. R. Civ. P. 56(c)).  Amazon, as the nonmoving party, "has no obligation to produce

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT
CASE NUMBER 2:25-CV-01158-RSL - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  anything to support its … defenses," unless and until Plaintiff first satisfies his burden of

2  production. *Id.* (internal quotations omitted). Plaintiff has not satisfied his initial burden of

3  production, and nothing in the Cross-Motion supports judgment as a matter of law on Plaintiff's

4  negligence and breach of express contract claims.

5       At the threshold, Plaintiff does not present any facts, evidence, or "materials in the record"

6  to support his claims as required by Fed. R. Civ. P. 56(c). Nor can he, as the parties have not

7  conducted discovery and there is no "record" in this case. Indeed, Plaintiff admits to a lack of

8  evidence and a need for discovery to prove his claims in multiple other filings, including his

9  pending Motion for Limited Discovery. (*See* ECF No. 21 at 1–2; ECF No. 36 at 3; ECF No. 39 at

10  1–2). Nevertheless, Plaintiff now contends that certain "undisputed" facts support each essential

11  element of his negligence and breach of express contract claims. Plaintiff is wrong.

12       Plaintiff's alleged "[u]ndisputed [m]aterial [f]acts" are, in actuality, ***disputed*** allegations.

13  (ECF No. 37 at 1–2). Plaintiff concedes this point in his Cross-Motion, where he states that the

14  "facts are supported by the [FAC] and exhibits" to the FAC. (*Id.* at 2). The Cross-Motion offers

15  no support other than the allegations in the FAC, which Amazon has challenged in its Motion to

16  Dismiss. Amazon's Motion to Dismiss "mak[es] clear that [Amazon] disputes Plaintiff's

17  allegations." *Glenn*, 2024 WL 4212870, at *2. Plaintiff, therefore, cannot demonstrate the absence

18  of genuine issues of material fact solely by pointing to allegations in the FAC.

19       Plaintiff's Declaration does not cure this fatal defect. (*See* ECF No. 38). Instead, the

20  Declaration merely repeats or paraphrases the allegations and conclusory statements in the FAC.

21  (*Compare* ECF No. 38 at 1–2, *with* ECF No. 17 at 2–3). The Declaration also does not point to,

22  attach, or otherwise provide any exhibits or evidence to support the allegations and statements

23  asserted in the Declaration or the Cross-Motion. (*See* ECF No. 38 at 1–2). Plaintiff's Declaration,

24  therefore, cannot support Plaintiff's burden at the summary judgment stage.

25       Perhaps recognizing that he has not provided any record evidence to support his Cross-

26  Motion, Plaintiff argues that he is entitled to summary judgment because "Amazon offers no

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT
CASE NUMBER 2:25-CV-01158-RSL - 6

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

admissible evidence ***disproving***" the allegations in the FAC. (ECF No. 37 at 3 (emphasis added)). But this flips the summary judgment burden on its head. Amazon, "as the nonmoving party, has no obligation to produce anything to support its defenses." *Glenn*, 2024 WL 4212870, at *2 (citation and quotation marks omitted). Plaintiff alone "bears the burden of proof on both the initial burden of production and the ultimate burden of showing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law." *Id.* Plaintiff has fallen well short of his burden.

*No Evidence of a Data Breach*. Plaintiff has not presented any evidence to suggest—let alone prove—the existence of a data breach that affected his Amazon account. Plaintiff's only support for the alleged "fact" of a data breach is the FAC. (ECF No. 37 at 2). But, as detailed in Amazon's Motion to Dismiss, neither the allegations in nor the exhibits to the FAC support even a plausible inference of a data incident impacting Plaintiff. (ECF No. 29 at 6–10). Because each of Plaintiff's claims depends on the factual existence of a data breach and because Amazon disputes Plaintiff's data-breach allegations, Plaintiff is not entitled to summary judgment on any of his claims. *See Glenn*, 2024 WL 4212870, at *2 (explaining that the filing of a motion to dismiss supports the existence of disputed facts that warrant denial of a motion for summary judgment).

*No Evidence to Support a Negligence Claim*. Plaintiff does not offer any facts to support judgment as a matter of law on his negligence claim. (ECF No. 37 at 2). Instead, in his Cross-Motion, Plaintiff merely repeats the unsupported allegations, conclusory assertions, and threadbare recitations of the elements of a negligence claim in the FAC. (*Compare* ECF No. 37 at 2, *with* ECF No. 17 at 4). Amazon disputes the legal plausibility and the factual veracity of Plaintiff's negligence-based allegations. In fact, Amazon affirmatively seeks dismissal of Plaintiff's negligence claim for failure to satisfy the basic pleading standards of Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 29 at 10–11). Plaintiff's contrary statement that "[n]o genuine dispute exists as to the[] elements" of his negligence claim is unsupported and

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT
CASE NUMBER 2:25-CV-01158-RSL - 7

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  incorrect.  Plaintiff, therefore, is not entitled to summary judgment on his insufficiently pled

2  negligence claim.

3      ***No Evidence to Support a Breach of Contract Claim***.  In support of his breach of express

4  contract claim, Plaintiff argues that "Amazon's Privacy Notice and Conditions of Use form

5  enforceable contracts" that promise "reasonable safeguards and transparency." (ECF No. 37 at 3).

6  But, as detailed in Amazon's Motion to Dismiss, neither the Privacy Notice nor the Conditions of

7  Use support the alleged data-security-related promises and duties on which Plaintiff bases his

8  contract claim.  (ECF No. 29 at 13–16).  Plaintiff has not plausibly alleged—let alone presented

9  evidence to demonstrate—the existence of a single contractual provision, term, or promise that

10  requires Amazon to provide any specific security measures to protect Plaintiff's account and

11  personal information.  (*Id.*).  Accordingly, Plaintiff has not shown, and cannot show, that he is

12  entitled to judgment as a matter of law on his breach of express contract claim.

13      Plaintiff's citation to *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th

14  Cir. 2020), does not support Plaintiff's Cross-Motion.  To the contrary, the Ninth Circuit's decision

15  in *In re Facebook* actually ***affirmed*** the District Court's dismissal of the plaintiff's breach of

16  contract claims because it found that the  defendant's "Privacy and Data Use Policies" did not

17  form an enforceable contract.  *Id.* at 610–11.  As such, *In re Facebook* supports Amazon's Motion

18  to Dismiss Plaintiff's breach of contract claims (ECF No. 29 at 15 (citing *In re Facebook*, 956

19  F.3d at 610–11)), and does nothing for Plaintiff's Cross-Motion for Summary Judgment.

20      For these reasons, Plaintiff has failed to satisfy his burdens of production and proof, and

21  the Court should deny Plaintiff's Cross-Motion for Summary Judgment.

22  **C.      Plaintiff's Resort to the Liberal *Pro Se* Pleading Standard Does Not Support
           His Present Cross-Motion for Summary Judgment.**

23

24      Plaintiff's final argument is to invoke the concept that courts should liberally construe

25  filings by *pro se* litigants.  (ECF No. 37 at 3).  Although Plaintiff's motion papers are entitled to a

26  liberal construction, Plaintiff must still satisfy the summary judgment requirements.  *See Thomas*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT
CASE NUMBER 2:25-CV-01158-RSL - 8

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    *v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("an ordinary pro se litigant, like other litigants,

2    must comply strictly with the summary judgment rules"); *Mayanja v. City of Shoreline*, No. C25-

3    0429JLR, 2025 WL 3073070, at *2 (W.D. Wash. Nov. 4, 2025) ("[A] *pro se* litigant must follow

4    the same rules of procedure that govern other litigants."); *Sam v. City of Tacoma*, No. C17-

5    5024JLR, 2018 WL 2269251, at *3 (W.D. Wash. May 17, 2018) (explaining that a party's *pro se*

6    status "does not alter the applicability of [the] general summary judgment rules") (internal

7    quotations omitted).  In other words, Plaintiff bears the full burden to produce competent evidence

8    from the record that supports each element of each of his causes of action.  *See Justice v. Rockwell*

9    *Collins, Inc.*, 117 F. Supp. 3d 1119, 1127 (D. Or. 2015), *aff'd*, 720 F. App'x 365 (9th Cir. 2017).

10   As set forth above, Plaintiff has failed to satisfy his summary judgment burden.[2]

## V.    CONCLUSION

12        For the foregoing reasons, Amazon respectfully requests that the Court deny Plaintiff's

13   Cross-Motion for Summary Judgment.

14

15

16

17

18

19

20

21

22

23

24   _____

25   [2] Plaintiff citation to *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), does not support a different
     conclusion.  In *Hebbe*, the Ninth Circuit addressed only the standard for evaluating a *motion to*
     *dismiss* a complaint filed by a *pro se* litigant.  *Id.* at 341–42.  *Hebbe* says nothing about motions
26   for summary judgment.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT
CASE NUMBER 2:25-CV-01158-RSL - 9

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

DATED: February 25, 2026.

K&L GATES LLP


 s/ Peter A. Talevich
Peter A. Talevich, WSBA #42644

 s/ Abraham M. Weill
Abraham M. Weill, WSBA #58663

K&L Gates LLP
925 Fourth Avenue Suite 2900
Seattle, WA  98104
Telephone:  (206) 623-7580
Facsimile:  (206) 623-7022
Email: peter.talevich@klgates.com
             abe.weill@klgates.com

*Attorneys for Defendant Amazon.com, Inc.*

I certify that this memorandum contains 3,029
words, in compliance with the Local Civil Rules.

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    **<u>CERTIFICATE OF SERVICE</u>**

2         I hereby certify that on February 25, 2026, a copy of the foregoing document was filed

3    electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of

4    electronic filing to all parties of record in this matter.

5         I further certify that I have arranged for mailing by the United States Postal Service and for

6    service by email of the foregoing document to the following non-CM/ECF participant:

7         David Angel Sifuentes, III
          P.O. Box 1181
8         Grand Rapids, MI 49501
          davidsifuentes61@yahoo.com
9         *Pro Se Plaintiff*

10

11                        s/ Abraham M. Weill
12                       Abraham M. Weill, WSBA #58663
                         K&L Gates LLP
13                       925 Fourth Avenue Suite 2900
                         Seattle, WA  98104
14                       Telephone:  (206) 370-5836
                         Email: abe.weill@klgates.com
15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT
CASE NUMBER 2:25-CV-01158-RSL - 11

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**