UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ANGEL SIFUENTES, III,<br>Plaintiff,<br>v.<br>AMAZON.COM, INC.,<br>Defendant. | CASE NO. 2:25-CV-1158-RSL<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS AND RELATED MOTIONS |

This matter comes before the Court on defendant Amazon.com, Inc.'s motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 29. Pro se plaintiff David Sifuentes opposes the motion. Dkt. 36. Having reviewed the parties' memoranda, the declarations and exhibits submitted in support thereof, and the remainder of the record, the Court GRANTS the motion for the reasons stated below.

**BACKGROUND**

Plaintiff initiated this action against Amazon in June 2025. Dkt. 5. After Amazon moved to dismiss the original complaint, Dkt. 14, plaintiff filed a first amended complaint alleging that his Amazon account ("the Account") was compromised in a data breach, that Amazon failed to adequately safeguard his personal information, and that Amazon concealed the breach from him. Dkt. 17. Based on those allegations, plaintiff asserts claims

for negligence, violation of the Fair Credit Reporting Act, breach of implied contract, breach of express contract, invasion of privacy, negligent infliction of emotional distress, violation of the Computer Fraud and Abuse Act, and fraudulent concealment. *Id*. He seeks compensatory, statutory, punitive, and exemplary damages, as well as injunctive and declaratory relief. *Id*.

Amazon now moves to dismiss the first amended complaint under Rule 12(b)(6), arguing that plaintiff offers only conclusory assertions of a data breach and resulting injury and does not allege facts plausibly showing that an Amazon data breach affected his Account or caused his alleged injuries. Dkt. 29.

**LEGAL STANDARD**

To survive a motion under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 641 (9th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that offers "labels and conclusions, ... a formulaic recitation of the elements of a cause of action[,]" or "naked assertion[s]" devoid of "further factual enhancement" will not suffice. *Id*. (*quoting Twombly*, 550 U.S. at 555, 557). Facts that are merely consistent with liability do not cross "the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). Although courts construe pro se pleadings liberally, a pro se complaint must still contain factual allegations sufficient to state a plausible claim. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010); *Mi-Ok v. King County*, 2025 WL 2418532,

at *1 (W.D. Wash. July 21, 2025) ("Pro se pleadings must be liberally construed, but even liberal construction cannot overcome fundamental pleading deficiencies.").

## DISCUSSION

### A. Plaintiff Fails to State a Claim on Which Relief Can Be Granted

Each of plaintiff's eight claims rests on his assertion that a data breach at Amazon compromised his Account or personal information. The first amended complaint, however, contains only conclusory factual allegations supporting that assertion. Plaintiff does not identify any security incident involving his Account, the information allegedly compromised, how or when unauthorized access occurred, or any facts connecting the alleged compromise to Amazon's systems.

To supply the missing connection, plaintiff relies on a password-compromise notification, two articles describing data incidents involving Amazon or Amazon Web Services, and emails he characterizes as phishing or misuse attempts. Dkt. 5-1. He contends that these materials support an inference that his information was exposed through Amazon. They do not. The password notification states only that a password used for his Amazon account appeared in an unidentified data leak and that plaintiff also used the password for his Facebook account. *Id*. at 1. One article describes the exposure of Amazon employee contact information through a vulnerability in third-party software and expressly states that the incident did not affect Amazon customer accounts or information. *Id*. at 4-5. The other article concerns private phone data obtained through third-party spyware and stored on Amazon Web Services infrastructure, not information obtained

from Amazon customer accounts. *Id*. at 8–14. And the emails plaintiff characterizes as phishing or misuse attempts do not indicate that the senders acquired information through Amazon or accessed his Account. *Id*. at 15–17. At most, these materials are consistent with the possibility that plaintiff's information was compromised from some source. They do not support a reasonable inference that an Amazon data breach affected plaintiff.

Plaintiff correctly observes that the Court must construe his pro se pleading liberally, accept well-pleaded factual allegations as true, and draw reasonable inferences in his favor. But the Court need not accept legal conclusions cast as factual allegations, conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). And although pro se pleadings are construed liberally, the Court may not supply essential elements of a claim that were not pleaded. *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (*quoting Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)) ("However, liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled."). Because the nonconclusory factual content of the first amended complaint does not plausibly suggest that an Amazon data breach affected plaintiff—the factual premise on which each of his claims depends—the complaint fails to state a claim upon which relief may be granted.

**B. Leave to Amend Is Not Warranted**

A district court generally should not dismiss a pro se complaint without leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be

cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). Leave may nevertheless be denied when amendment would be futile, and the Court's discretion is particularly broad when the plaintiff has previously amended the complaint. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); s*ee also Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009) (recognizing that a repeated failure to cure pleading deficiencies strongly indicates that the plaintiff has no additional facts to plead).

Further amendment would be futile here. Amazon's motion to dismiss the original complaint identified the same fundamental defect presented by the first amended complaint: plaintiff had not alleged facts showing that a data breach involving Amazon compromised his Account or personal information. Plaintiff responded by filing the first amended complaint. Yet the amended pleading repeats the same unsupported premise, and the materials on which plaintiff relies do not concern a breach of his Amazon customer account. In opposing the present motion, plaintiff neither identifies additional facts that would connect an Amazon security incident to his Account nor explains how another amendment could cure the missing factual connection.

Plaintiff has an extensive history of materially similar data-breach litigation. As part of its motion to dismiss, Amazon submitted the results from a December 2025 search of the PACER National Index that returned 95 entries associated with plaintiff's name. Dkt.

31-1.[1] At least 30 of plaintiff's actions involved claims against business entities alleging that data breaches exposed his personal information. *See Sifuentes v. Dave Inc.*, No. 1:23-cv-984, 2025 WL 434076, at *1–3 & nn.1–3, 5–6 (W.D. Mich. Jan. 21, 2025) (describing plaintiff's extensive data-breach litigation history and identifying 30 such actions filed in various district courts). Although the Court has not relied on plaintiff's litigation history in determining whether the first amended complaint states a claim, that history is relevant to whether further amendment would serve any purpose. Other courts have repeatedly dismissed materially similar data-breach complaints after explaining that alleging the existence of a breach and speculating about possible harm does not establish that plaintiff's information was exposed by the defendant or that his alleged injuries are traceable to it. *See, e.g.*, *Sifuentes v. Pluto TV*, No. 1:23-cv-101, 2023 WL 7319434, at *3 (W.D. Mich. Nov. 6, 2023); *Sifuentes v. Dave Inc.*, No. 1:23-cv-984, 2023 WL 7295187, at *3 (W.D. Mich. Nov. 6, 2023); *Sifuentes v. Dave Inc.*, 2024 WL 4113034, at *1 (C.D. Cal. Aug. 23,

---

[1] Amazon asks the Court to take judicial notice of Dkt. 31-1, the results of the December 7, 2025 search of the PACER National Index, and Dkt. 31-2, an order entered in one of plaintiff's prior cases. Dkt. 31. A court may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), as well as the existence and contents of records filed in other judicial proceedings, though not disputed facts asserted in those records. *United States v. Raygoza-Garcia*, 902 F.3d 994, 999 n.2, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (same). The Court takes judicial notice of the fact that the PACER search of plaintiff's name returned 95 entries and of the existence of the proceedings reflected in those results. It does not infer that the entries represent 95 distinct lawsuits filed by plaintiff, because the results include different party roles and may contain multiple entries associated with the same proceeding. The Court also takes judicial notice of the existence, contents, and disposition of the order at Dkt. 31-2, but not of disputed factual assertions contained therein.

2024). Plaintiff has therefore received repeated notice of the precise deficiency at issue here.

Given that notice, plaintiff's unsuccessful amendment in this action, his failure to identify any additional facts that could cure the defect, and the unrelated nature of the incidents on which he relies, the Court concludes that further amendment would be futile. The first amended complaint is therefore dismissed without leave to amend.

### C. Related Motions

#### 1. Motion for limited discovery

Plaintiff moves for leave to conduct limited discovery before the Court resolves Amazon's motion to dismiss. Dkt. 21. He seeks discovery concerning whether his Account credentials were compromised, the nature and timing of any unauthorized access, Amazon's investigation and response, and any notice provided to him. *Id*. at 2. Plaintiff contends that this information is uniquely within Amazon's possession and necessary to address the issues raised in its motion. Because plaintiff contends that discovery is necessary before the Court may resolve Amazon's motion to dismiss, the Court separately considers whether its dismissal ruling rests on factual matters that plaintiff must be permitted to explore. It does not.

Amazon's motion presents a facial challenge to the sufficiency of the first amended complaint under Rule 12(b)(6). It does not contest Article III standing or ask the Court to resolve disputed facts concerning whether a breach actually occurred. *See* Dkt. 41 at 3 n.1. Rather, Amazon argues that the facts alleged in the first amended complaint and reflected

in the materials on which plaintiff relies do not plausibly support the inference that an Amazon data breach affected his Account. Discovery cannot supply facts that are absent from the operative pleading. Indeed, one purpose of Rule 12(b)(6) is to permit a defendant to challenge the legal sufficiency of a complaint without first being subjected to discovery. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also Iqbal*, 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Because the adequacy of the first amended complaint must be determined from the allegations and materials properly considered under Rule 12(b)(6), plaintiff's motion for limited discovery, Dkt. 21, is denied.

**2. Motion to strike**

Plaintiff's opposition to Amazon's motion to dismiss includes a motion under Rule 12(f) to strike references to his litigation history, PACER statistics, prior *in forma pauperis* rulings, and any suggestion that his prior litigation substitutes for an analysis of the first amended complaint. Dkt. 36 at 2–3. He argues that those materials are irrelevant and unduly prejudicial and that the Court may not use judicial notice to draw adverse factual or credibility inferences against him. Because the challenged materials could affect the permissible scope of the Court's review, the Court clarifies the extent to which it considered them in resolving Amazon's motion.

Rule 12(f) authorizes the Court to strike certain matters "from a pleading." Fed. R. Civ. P. 12(f). Amazon's motion, request for judicial notice, and supporting exhibits are not

pleadings within the meaning of Rule 7(a). Rule 12(f) therefore does not authorize the requested relief. Nor do Federal Rules of Evidence 401 and 403, which plaintiff also invokes, provide a procedural basis for striking material from a motion or supporting submission. Plaintiff is correct, however, that his litigation history cannot substitute for an analysis of the first amended complaint and that judicial notice may not be used to accept disputed facts or draw adverse credibility inferences. Consistent with those limitations, the Court did not rely on plaintiff's prior litigation in determining whether the first amended complaint states a claim. As discussed above, the Court considered the prior rulings only for their existence, contents, and disposition, and for the limited purpose of determining whether plaintiff had notice of the recurring pleading deficiency and whether further amendment would be futile. Plaintiff's motion to strike, Dkt. 36, is denied.

**3. Motion for PACER access**

Plaintiff also seeks a retroactive waiver of PACER fees previously incurred and prospective unlimited PACER access for the duration of this litigation. Dkt. 22. He argues that this is necessary because Amazon relies on his prior litigation and because he is proceeding *in forma pauperis*. Under the Judicial Conference's Electronic Public Access Fee Schedule, a court may exempt an indigent person from PACER fees upon finding that the exemption is necessary to avoid unreasonable burdens and to promote public access to information. Electronic Public Access Fee Schedule § 9 (effective Jan. 1, 2020); *Nat'l Veterans Legal Servs. Program v. United States*, 235 F. supp. 3d 32, 33-34 (D.D.C. 2017) If granted, the exemption should be limited in scope, granted for a definite period, and

subject to revocation at the court's discretion. Plaintiff's request for unlimited access to multiple proceedings is not narrowly tailored, and he does not identify the amount of the fees already incurred or otherwise demonstrate that retroactive relief is necessary to avoid an unreasonable burden. And because this order dismisses the first amended complaint without further leave to amend, no ongoing district-court litigation remains for which prospective access is required. Plaintiff's motion for PACER access, Dkt. 22, is denied.

### 4. Motion for appointment of counsel

Plaintiff moves for appointment of counsel under 28 U.S.C. § 1915(e)(1), citing the asserted complexity of the legal and technical issues, the disparity in the parties' resources, and the anticipated need for discovery. Dkt. 23. There is no constitutional right to appointed counsel in a civil action. Under § 1915(e)(1), the Court may request that an attorney represent an indigent litigant only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In determining whether such circumstances exist, the Court considers both the plaintiff's likelihood of success on the merits and his ability to articulate his claims in light of their complexity. *Id*. Neither factor is dispositive, and they must be considered together. *Id*.

Plaintiff has not demonstrated exceptional circumstances. As explained above, the first amended complaint fails to state a claim, and the Court concludes that further amendment would be futile. Plaintiff therefore has not shown a likelihood of success on the merits. His filings in this action also demonstrate that he is capable of identifying the

relevant legal standards and articulating his arguments. Plaintiff's motion for appointment of counsel, Dkt. 23, is denied.

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's motion for limited discovery, Dkt. 21, is DENIED.
2. Plaintiff's motion to strike, contained in Dkt. 36, is DENIED.
3. Amazon's motion to dismiss, Dkt. 29, is GRANTED. Plaintiff's first amended complaint is DISMISSED without leave to amend.
4. Plaintiff's motion for retroactive and prospective unlimited PACER access, Dkt. 22, is DENIED.
5. Plaintiff's motion for appointment of counsel, Dkt. 23, is DENIED.

The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff and close this case.

Dated this 7th day of August 2026.

Robert S. Lasnik
United States District Judge